Lawrence H. Meuers
(SBN: 197663)
Steven M. De Falco
Fla. Bar No. 0733571
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATURAL SELECTION FOODS, LLC d/b/a EARTHBOUND FARM, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FURY, INC. D/B/A CITY PRODUCE, a California corporation, and ROBERT GARSHA, an individual,<br><br>Defendants. | Case No.: C07 02886 RS<br><br>CIVIL ACTION COMPLAINT |

For its Complaint, Plaintiff respectfully states as follows:

## THE PARTIES

1.   Plaintiff is Natural Selection Foods, LLC d/b/a Earthbound Farm ("Natural Selection"), a California limited liability company with its principal place of business located at 1721 San Juan Highway, San Juan Bautista, California.

2.   Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3.   Defendants are:

   a)   Fury, Inc. d/b/a City Produce ("City Produce"). Upon information and belief, City Produce is a California

Civil Action Complaint                                                                 Page-1

corporation with its principal place of business located at 500 Camino Al Barranco, Watsonville, California 95076-1512.

    b)    Robert Garsha ("Garsha"). Upon information and belief, Garsha is the President of City Produce, and, in that capacity, controlled or was in a position to control the assets of City Produce. Upon information and belief, Garsha is a resident of Watsonville, California.

## JURISDICTION AND VENUE

4.    The District Court has jurisdiction over this civil action arising under §5(c)(4) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(4) (the "PACA"), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

5.    Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT CITY PRODUCE

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM

*7 U.S.C. § §499e(c)(3) and (4)*

6.    Plaintiff re-alleges paragraphs 1 through 5 as if stated herein.

7.    At all times relevant to this action, City Produce was a commission merchant, dealer or broker operating subject to the provisions of PACA.

8.    Between June 16, 2006 and August 4, 2006, Plaintiff sold to

1 | City Produce in interstate commerce, and City Produce purchased from Plaintiff, Produce in the total amount of $29,419.44.

9. Plaintiff delivered the Produce to City Produce and City Produce accepted the Produce from Plaintiff.

10. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of City Produce's receipt of the Produce, City Produce became trustee of the PACA trust for the benefit of Plaintiff in the amount of $29,419.44. The PACA trust consists of all City Produce's Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

11. Plaintiff gave written notice of intent to preserve trust benefits to City Produce in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to City Produce.

12. City Produce failed to pay for the Produce despite Plaintiff's repeated demands.

13. Pursuant to PACA, 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from City Produce's PACA Trust Assets.

14. Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of City Produce with a valid PACA trust claim in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees.

x

## COUNT II

## DEFENDANT CITY PRODUCE

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS

*7 U.S.C. §499e(c)(5)*

15. Plaintiff re-alleges paragraphs 1 through 14 as if stated herein.

16. City Produce is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

17. City Produce failed to pay Plaintiff for the shipments of Produce listed above at paragraph 8 from the PACA Trust Assets.

18. As a direct result of City Produce's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees.

19. Plaintiff seeks the entry of an Order directing City Produce to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

## DEFENDANT CITY PRODUCE

### VIOLATION OF PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND

*7 U.S.C. §499b(4)*

20. Plaintiff re-alleges paragraphs 1 through 19 as if stated herein.

21. City Produce received each of the shipments of Produce identified in paragraph 8 above.

22. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

23. PACA requires City Produce, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

24. City Produce has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims, including Plaintiff's asserted herein.

25. As a direct result of City Produce's failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees.

26. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing City Produce to maintain PACA Trust Assets equal to the sum of $29,419.44, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA trust claims, directing City Produce to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining City Produce from dissipating PACA Trust Assets.

COUNT IV

DEFENDANT CITY PRODUCE

<u>VIOLATION OF PACA: FAILURE TO PAY PROMPTLY</u>

*7 U.S.C. §499b(4)*

27. Plaintiff re-alleges paragraphs 1 through 26 as if stated herein.

28. City Produce received each of the shipments of Produce identified in paragraph 8 above.

29. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

30. City Produce failed to pay these invoices within the payment terms.

31. As a direct result of City Produce's failure to pay each invoice within terms, Plaintiff has incurred damages in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees.

32. Plaintiff seeks entry of an Order directing City Produce to immediately pay Plaintiff the sum of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V
## DEFENDANT CITY PRODUCE
## BREACH OF CONTRACT

33. Plaintiff re-alleges paragraphs 1 through 32 as if stated herein.

34. Plaintiff and City Produce entered into contracts under which Plaintiff agreed to sell the Produce and City Produce agreed to purchase the Produce, each of which is described in paragraph 8.

35. City Produce breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

36. As a direct result of City Produce's breach of contract, Plaintiff has incurred damages in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees.

37. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against City Produce in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI

## THE PRINCIPAL – ROBERT GARSHA

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

38. Plaintiff re-alleges paragraphs 1 through 37 as if stated herein.

39. At all times relevant to this action, Garsha was an officer, director, shareholder or employee (the "Principal") of City Produce.

40. As the Principal of City Produce, Garsha had a duty to ensure that City Produce fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient trust assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

41. Garsha had full knowledge and responsibility for the handling of City Produce's duties as trustee of the PACA trust.

42. Garsha controlled or had a duty to control City Produce's operations and financial dealings, including those involving the PACA Trust Assets.

43. City Produce breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

44. Garsha breached his fiduciary duty to direct City Produce to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to City Produce.

45. As a direct result of Garsha's breach of fiduciary duty, Plaintiff has incurred damages in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees.

46. Garsha is personally liable to Plaintiff for his breach of his fiduciary duty in dissipating the PACA trust to the extent of $29,419.44, plus interest from the date each invoice became past due, costs and

attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

47. Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Garsha in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII
## THE PRINCIPAL – ROBERT GARSHA
## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

48. Plaintiff re-alleges paragraphs 1 through 47 as if stated herein.

49. Upon information and belief, City Produce transferred PACA Trust Assets to Garsha.

50. These transfers of PACA Trust Assets were made in breach of the PACA trust.

51. Garsha continues to hold any and all PACA Trust Assets having come into his possession as trustee for Plaintiff's beneficial interest in the PACA trust.

52. As a direct result of Garsha's receipt and retention of PACA Trust Assets, Plaintiff has incurred damages in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

53. Accordingly, Plaintiff seeks entry of an Order requiring Garsha to disgorge and transfer any and all PACA Trust Assets that come into his possession and control to Plaintiff to the extent of $29,419.44, plus interest from the date each invoice became past due, costs, attorneys' fees,

and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A) As to Count I, declaring that Plaintiff is a PACA trust beneficiary of City Produce with a valid PACA trust claim in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees;

B) As to Count II, directing City Produce to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees;

C) As to Count III, directing City Produce to maintain PACA Trust Assets equal to the sum of $29,419.44, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, enjoining City Produce from dissipating PACA Trust Assets and directing City Produce to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D) As to Count IV, directing City Produce to immediately pay Plaintiff the sum of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees;

E) Enter Final Judgment in favor of Plaintiff and against City Produce on Counts I through V, in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees;

F) As to Count VI, entering judgment in favor of Plaintiff and

against Garsha in the amount of $29,419.44, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

G) As to Count VII, requiring Garsha to disgorge and transfer any and all PACA Trust Assets that came into his possession and control to Plaintiff in the amount of $29,419.44, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and

H) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted on this 31st day of May, 2007.

**MEUERS LAW FIRM, P.L.**

By: *Lawrence H. Meuers* (signature)

Lawrence H. Meuers
(SBN: 197663)
Steven M. De Falco
Fla. Bar No. 0733571
5395 Park Central Court
Naples, FL  34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff