CHOATE & CHOATE
Joseph Choate, Jr.  S. B. No. 039018
Robert P. Lewis, Jr., S. B. No. 057624
Bradley L. Cornell, S. B. No. 162384
2596 Mission Street, Suite 300
San Marino, California 91108
Telephone:    (213) 623-2297
Facsimile:    (213) 623-6429

Mark C. H. Mandell [MM-5708]
42 Herman Thau Road
Annandale, NJ 08801
Telephone:   908-638-4434

Counsel for Defendants

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| NATURAL SELECTION FOODS LLC d/b/a EARTHBOUND FARM, a California limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FURY, INC.  d/b/a CITY PRODUCE  a California corporation, ROBERT GARSHA, an individual,<br><br>　　　　　　Defendants. | Case No.  C 07 02886 RS<br><br>**JOINT ANSWER WITH AFFIRMATIVE DEFENSES** |

Defendants, by their undersigned counsel, in response to the Complaint served in this action, state as follows:

**AS & FOR THEIR JOINT ANSWER:**

1.　　Admit the allegations contained in paragraph Nos.  1., 2., 3.  and 4.

2.　　Deny the allegations contained in paragraph No.  5.

3.　　In response to paragraph No. 6., Defendants reallege and reassert paragraphs 1. and 2. as if fully set forth herein.

4. Deny each and every allegation contained in paragraph No. 7. except admit that City Produce was a broker.

5. Deny each and every allegation contained in paragraph No. 8.

6. Deny each and every allegation contained in paragraph No. 9.

7. Deny each and every allegation contained in paragraph No. 10.

8. Deny each and every allegation contained in paragraph No. 11.

9. Deny each and every allegation contained in paragraph No. 12.

10. Deny each and every allegation contained in paragraph No. 13. as same may refer to these answering defendants.

11. To the extent that the contents of paragraph No. 14. contain allegations of fact, such allegations are denied.

12. In response to paragraph No. 15., Defendants reallege and reassert paragraphs 1. and 11. as if fully set forth herein.

13. Deny each and every allegation contained in paragraph No. 16.

14. Deny each and every allegation contained in paragraph No. 17.

15. Deny each and every allegation contained in paragraph No. 18.

16. To the extent that the contents of paragraph No. 19. contain allegations of fact, such allegations are denied.

17. In response to paragraph No. 20., Defendants reallege and reassert paragraphs 1. and 11. as if fully set forth herein.

18. Deny each and every allegation contained in paragraph No. 21.

19. Deny each and every allegation contained in paragraph No. 22.

20. Deny each and every allegation contained in paragraph No. 23. as same may pertain to Plaintiff, and make no further response to the balance of said paragraph which is a legal conclusion.

21. Deny each and every allegation contained in paragraph No. 24.

22. Deny each and every allegation contained in paragraph No. 25.

**ANSWER**

23. To the extent that the contents of paragraph No. 26. contain allegations of fact, such allegations are denied.

24. In response to paragraph No. 27., Defendants reallege and reassert paragraphs 1. and 23. as if fully set forth herein.

25. Deny each and every allegation contained in paragraph No. 28.

26. Admits the allegations contained in paragraph No. 29.

27. Deny each and every allegation contained in paragraph No. 30.

28. Deny each and every allegation contained in paragraph No. 31.

29. To the extent that the contents of paragraph No. 32. contain allegations of fact, such allegations are denied.

30. In response to paragraph No. 33., Defendants reallege and reassert paragraphs 1. and 29. as if fully set forth herein.

31. Deny each and every allegation contained in paragraph No. 34.

32. Deny each and every allegation contained in paragraph No. 35.

33. Deny each and every allegation contained in paragraph No. 36.

34. To the extent that the contents of paragraph No. 37. contain allegations of fact, such allegations are denied.

35. In response to paragraph No. 38., Defendants reallege and reassert paragraphs 1. and 34. as if fully set forth herein.

36. Admit the allegations contained in paragraph Nos. 39., 40., 41., and 42.

37. Deny each and every allegation contained in paragraph No. 43.

38. Deny each and every allegation contained in paragraph No. 44.

39. Deny each and every allegation contained in paragraph No. 45.

40. Deny each and every allegation contained in paragraph No. 46.

41. To the extent that the contents of paragraph No. 47. contain allegations of fact, such allegations are denied.

42. In response to paragraph No. 48., Defendants reallege and reassert paragraphs 1. and 41. as if fully set forth herein.

3.
_____
**ANSWER**

CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
(213) 623-2297

43. Deny each and every allegation contained in paragraph No. 49.

44. Deny each and every allegation contained in paragraph No. 50.

45. Deny each and every allegation contained in paragraph No. 51.

46. Deny each and every allegation contained in paragraph No. 52.

47. To the extent that the contents of paragraph No. 45. contain allegations of fact, such allegations are denied.

### AS & FOR A FIRST AFFIRMATIVE DEFENSE:

48. That heretofore and beginning about September of 2004, Defendant Garsha was one of the principals of a New York company known as FJB, Inc. d/b/a/ Empire Produce (hereinafter "Empire"), and operated as a buyer for Empire with respect to produce shipments to be shipped from California to New York by various suppliers including Plaintiff. Defendant Garsha's role and status was fully disclosed to Plaintiff long prior to the shipments in issue which were actually shipped to and delivered to Empire.

49. That at all times and in all transactions for produce shipments purchased by Garsha from Plaintiff for Empire, said commodities were shipped directly to Empire by Plaintiff, and Plaintiff received and accepted payment for all such shipments directly from Empire.

50. After several initial transactions when Empire established a credit history with Plaintiff and other suppliers, Plaintiff was requested to invoice Empire directly since the contracts of sale were between Plaintiff and Empire, all adjustments in prices were made directly between Plaintiff and Empire, and Plaintiff knew that Fury, Inc. had no role in the transactions, with the contracts being between Plaintiff and Empire.

51. Defendants herein are not liable to Plaintiff because they were nothing more than agents for a disclosed principal, namely Empire Produce.

### AS & FOR A SECOND AFFIRMATIVE DEFENSE:

52. From March 2, 2007 and continuing to this date, Empire Produce has been under injunction by order of the United States District Court, Southern District of New York in a case No. 07-CV898 (RCC) in which case Plaintiff's lawyers here have intervened on behalf of others, and have been actively involved.

CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
(213) 623-2297

53.     On May 30, 2007, prior to the date of commencement of the within action, a Consent Order for Intervention of all creditors of Empire Produce was entered in the New York action over the signature and with the full knowledge and consent of Plaintiff's counsel in the within action. Said Consent Order contained, *inter alia*, a complete bar and stay to all actions against Empire and Defendant Garsha under the following language:

"STAY ON ALL COLLATERAL ACTIONS

"    **ORDERED** that in order to effectuate proper handling of the FJB, Inc. assets and prevent inconsistent or conflicting rulings effecting those assets, all claims and actions by or on behalf of all creditors of Defendants are herewith stayed and barred in all courts and forums, both civil or administrative, pending further order of this Court;"

54.     Neither Plaintiff nor its attorneys herein have made any application to the Court in New York for modification of or relief from said stay and bar, and have knowingly brought this action against Defendant Garsha in willful disregard for and in contempt of the New York Court Order which Plaintiff's counsel participated in, assisted in negotiation of the terms, and consented to its entry.

55.     The within action is barred as against Defendant Garsha by of the New York Court.

56.     Plaintiff's attorney have been notified of their violation of the stay and bar of the New York Court and have been requested to cease and terminate this violative and contemptuous action, but have refused to do so.

**AS & FOR A THIRD AFFIRMATIVE DEFENSE**:

57.     Defendants repeat and reallege each and every allegation contained in paragraph No. 1. through 56. hereinabove as if fully set forth herein.

58.     Defendants are informed and so believe that Plaintiff has caused this action to be commenced because it may have failed to properly preserve its rights under the PACA Trust in its dealings with Empire by mistakenly addressing its invoices to Defendant Fury, Inc. rather than to its contract party, Empire, thus potentially disqualifying Plaintiff from distribution in the New York action..

**ANSWER**

59. Consequently, the within action is brought in bad faith, is an attempt to subvert the purposes of the PACA, and constitutes a false and misleading statement in regard to a produce transaction, all in flagrant violation of Section 2(4) of the PACA, 7 U.S.C. §499b(4).

### AS & FOR A FOURTH AFFIRMATIVE DEFENSE:

60. Defendants repeat and reallege each and every allegation contained in paragraph No. 1. through 59. hereinabove as if fully set forth herein.

61. Plaintiff has waived its rights under the PACA Trust by failing to preserve such rights according to law, and by failing to enforce such rights and conduct its business with the requirements of the PACA and the USDA Regulations pertaining.

**WHEREFORE,** Defendant respectfully demand judgment against Plaintiff:

1. Dismissing the Complaint;

2. Declaring Plaintiff to have waived any and all rights against these named defendants; and

3. Granting Defendants such other and further relief as may be deemed just, including an award for Defendants attorneys fees and costs incurred in connection with this action.

Dated: July 2, 2007

CHOATE & CHOATE

/s/ Joseph Choate, Jr.
Joseph Choate, Jr.  S. B. No. 039018
Robert P. Lewis, Jr., S. B. No. 057624
Bradley L. Cornell, S. B. No. 162384
2596 Mission Street, Suite 300
San Marino, California 91108
Telephone:    (213) 623-2297
Facsimile:    (213) 623-6429

Mark C. H. Mandell [MM-5708]
42 Herman Thau Road
Annandale, NJ 08801
Telephone:   908-638-4434

Counsel for Defendants

6.

**ANSWER**